RECEIVED
IN ALEXANDRIA, LA
AUG 11 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CARL PARKER, et al | CIVIL ACTION 10-957 |
| VERSUS | U.S. DISTRICT JUDGE TRIMBLE |
| ANR PIPELINE COMPANY, et al | U.S. MAGISTRATE JUDGE KIRK |

MEMORANDUM ORDER

Before the court is a motion to remand, document number 6, referred to me by the district judge for decision. Plaintiff claims to have been injured by defendant pipeline company when an unexpected release of natural gas and other hydrocarbons occurred at its facility in Jena, Louisiana on May 28, 2009. He sued the pipeline company, among others, and also sued the Operations Technician, Billy Lucky, alleging that he owned the facility and its equipment and was negligent.

Defendant timely removed the case to this court alleging that Lucky was fraudulently joined[1] and that the damages are facially apparent from the plaintiff's complaint. Plaintiff argues that Lucky has personal responsibility for the accident and that defendants offered substantially less than the jurisdictional limits in settlement, proving that the claims do not exceed $75,000.

---

[1] The Fifth Circuit has suggested that the term "improper joinder" is more consistent with the statutory language than "fraudulent joinder" and is thus preferred. Smallwood v. Illinois Central Gulf Railroad Company, 385 F.3d 568 (5th C. 2004). However, in the term "improper joinder" is less precise and is sometimes cause for confusion, particularly where issues are presented as to both "improper joinder" and "misjoinder" under Rules 20 & 21.

Defendants suggest that the long list of alleged damages in the petition proves that the damages must exceed $75,000.

It is not clear to the court whether Lucky had any personal involvement in the accident. Neither is it apparent that the list of injuries in plaintiff's complaint necessarily means the case is worth in excess of $75,000.

Therefore, IT IS ORDERED that the parties engage in discovery with regard to these issues so that the court can determine the court's jurisdiction. Such discovery shall be completed no later than November 9, 2010. Supplemental briefs shall be filed by November 19, 2010.

Alexandria, Louisiana, August 10, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE